MATTHEW WEINSTEIN AND RUTH WEINSTEIN, APPELLANTS, v. DIVISION OF ALCOHOLIC BEVERAGE CONTROL AND WILLIAM HOWE DAVIS, DIRECTOR, RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued October 23, 1961—Decided November 2, 1961.

Before Judges PRICE, SULLIVAN and LEONARD.

*Mr. Gregory J. Castano* argued the cause for appellants (*Mr. Thomas E. Durkin, Jr.,* attorney).

*Mr. Samuel B. Helfand,* Deputy Attorney General, argued the cause for respondents (*Mr. David D. Furman,* Attorney General, attorney; *Mr. Helfand,* of counsel).

The opinion of the court was delivered by

PRICE, S. J. A. D.   Appellants (husband and wife) seek reversal of an order of the Director of the Division of Alcoholic Beverage Control, Department of Law and Public Safety, suspending their plenary retail distribution license "for the balance of its term." The license had been issued by the Borough Council of the Borough of Palisades Park. The Director's order also provided that if "the license is transferred to a duly qualified person, or in the event that" appellant "Matthew Weinstein is no longer a licensee or connected with the said business in any capacity whatsoever," application might be made by "verified petition to lift said suspension," with the further proviso that "in no event shall an order be entered to lift the suspension prior to the expiration of forty-five days from the effective date" thereof. Later, upon appellant Matthew Weinstein's withdrawal as one of the licensees, leaving as the sole licensee appellant Ruth Weinstein, an order of this court granted a stay of the execution of the suspension pending the disposition of the appeal.

The challenged order of the Director followed appellants' exceptions to the report of a Division "Hearer" who had conducted a hearing of four charges against appellants, determined that the proofs sustained all of them, and recommended the aforesaid license suspension. The Director concurred in the Hearer's findings and adopted his recommendations. *N. J. S. A.* 33 :1–31 authorizes the Director to suspend or revoke a license upon a finding of guilt of any of the charges here involved.

The initial charge made against appellants by the Director, on September 6, 1960, was based on the alleged violation of the provisions of *N. J. S. A.* 54:45–1, in that from September 1958 to December 1959, inclusive, appellant

Matthew Weinstein, the sole licensee during that period, had filed with the Director of the Division of Taxation (Beverage Tax Bureau) inaccurate and untruthful monthly reports of purchases of alcoholic beverages.

During the pendency of the proceedings appellants were charged with three additional violations stemming from the conviction, on November 4, 1960, of appellant Matthew Weinstein in the United States District Court, District of New Jersey, for possessing on or about December 29, 1958, "goods stolen from interstate shipment  *  *  *  knowing the same to have been  *  *  *  stolen," in violation of *Title* 18 *U. S. C.* § 659. The additional charges were (*a*) failure to file with the aforesaid Borough Council, "within ten days" after November 4, 1960, "written notice" of the aforesaid conviction "in violation of *R. S.* 33:1–34"; (*b*) conviction of the aforesaid crime, asserted to be one "involving moral turpitude" and which, had the conviction occurred before appellant's application for the aforesaid license, would, by virtue of the provisions of *N. J. S. A.* 33:1–25 have prevented its issuance; and (*c*) employment of appellant Matthew Weinstein in, or his connection "in a business capacity" with, such licensed operation, contrary to the provisions of Reg. No. 13, Rule 1 of the Division and *N. J. S. A.* 33:1–25 and 33:1–26, in that he was a person convicted of a crime (*Title* 18 *U. S. C.* § 659) involving moral turpitude.

Appellants, attacking the propriety of the Division's finding with reference to the aforesaid initial charge, contend that there was no proof that the filing of the aforesaid inaccurate reports by appellant Matthew Weinstein was done fraudulently. The shortages in the reported quantities of alcoholic beverages purchased for the period in question totaled approximately 11,000 gallons. Weinstein's principal defense to the charge encompassing the filing of the aforesaid grossly inaccurate reports was that it was his practice to sign the reports "in blank" and give them to his accountant to complete and file. He asserted that he was personally

unfamiliar with the preparation of the reports. He suggested that possible loss or misplacement of some of the invoices which he customarily sent by messenger to his accountant might explain the discrepancies. Although the Division's charges were not *predicated* upon *fraudulent* inaccuracy in the reports, motivation for the false reports was suggested by proofs of sale of large quantities of alcoholic beverages by Weinstein to persons described as "proprietors" of "speakeasies" in New York City, which proofs were assertively offered as having a bearing on the penalty to be imposed, if guilt was determined.

The Division's determination of Weinstein's guilt of the aforesaid charge was fully sustained by the evidence. No justification exists for appellants' contention, as expressed in their brief, that fraud, "bad faith, intentional wrongdoing and a sinister motive" had to be shown before a sustainable determination of guilt of filing inaccurate and untruthful reports could be made. The pertinent statutes, *N. J. S. A.* 54:45–1 and *N. J. S. A.* 33:1–31(*d*), contain no such requirement. The statutory provision is violated on finding that the required reports are inaccurate and untruthful. Fraud, in the legal sense, is not a necessary element of the infraction. The required filing of the reports enables the Division to maintain a check upon the distributors who are liable for the payment of the tax. The necessity that the reports be accurate is apparent. As a consequence, although we determine that respondents are correct in their contention that violation of *N. J. S. A.* 54:45–1 may be found to exist in the absence of proof of fraud, the record before us demonstrates that the Director's approval and adoption of the report of the Hearer, who found Weinstein's "explanation feigning ignorance of the inaccurate and untruthful disclosures * * * unacceptable," was fully justified.

Appellants next contend that Matthew Weinstein's conviction, on his plea of guilty of possession of "goods or chattels, knowing the same to have been * * * stolen"

from an interstate shipment (Title 18 *U. S. C.* § 659), did not relate to a crime involving "moral turpitude." We find no merit in that contention. In view of the crime here involved we do not have to probe beyond the statutory elements thereof. Compare, *State Board of Medical Examiners v. Weiner*, 68 *N. J. Super.* 468 (*App. Div.* 1961). Not only is the crime, for the commission of which he was convicted, one which necessarily involves moral turpitude, but the record reveals that Weinstein admitted the acts of wrongdoing, which formed the basis for the conviction, and which, in themselves, involved moral turpitude. Under cross-examination at the hearing in the Division he admitted that part of the stolen "goods" (cigarettes which constituted the subject of the theft were alleged in the indictment to be of the value of "approximately $75,000") was, with his knowledge that the "goods" were stolen, stored on property owned by him; that he had given "permission" for said storage and testified: "I had guilty knowledge of it."

As to the aforesaid charge that appellants failed to comply with the statutory requirement (*R. S.* 33 :1–34) that they give written notification of Matthew Weinstein's conviction to the issuing authority within ten days after such conviction, there can be no doubt of appellants' guilt. They admit such failure.

The charge that Matthew Weinstein continued his connection with the retail operation in question "in a business capacity" following his conviction on November 4, 1960, is clear from the proofs. In fact in an affidavit dated November 21, 1960, signed by him and received in evidence at the hearing, he answered a question as to his occupation by stating: "I own and operate the liquor store."

Finally, appellants contend that the "imposition of [a] single 45-day penalty for all four violations was improper under the circumstances and a separate penalty should have been imposed for each charge." The law is to the contrary. In *Middleton v. Division, etc., Dept. of Banking*

*and Ins.,* 39 *N. J. Super.* 214, 220–221 (*App. Div.* 1956), we said:

"The imposition of a single penalty for all the violations is not improper under the circumstances. The Commission has broad discretionary control over the matter. Having reached the conclusion of guilt on each infraction, the overall demonstration of unworthiness might properly be met with a single penalty. The present doctrine in criminal cases which makes separate sentences advisable for individual convictions (*Cf. State v. Kaufman,* 18 *N. J.* 75, 83 (1955)), cannot be applied strictly to administrative regulatory proceedings of this type."

See also, *Maple Hills Farms, Inc. v. Division N. J. Real Estate Comm.,* 67 *N. J. Super.* 223, 233 (*App. Div.* 1961).

In the case at bar we determine that the Division's adjudication of guilt as to each of the offenses charged and the imposition of the aforesaid penalty were fully justified. The order of the Division is affirmed.